**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK LEE SMITH,

                Petitioner,

v.                                                            Case No. 2:08-CV-11188

WARREN C. EVANS, ET AL.,

                Respondent.
                                               /

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Derrick Lee Smith has filed a *pro se* petition for a writ of habeas corpus. Petitioner is currently incarcerated at the Wayne County Jail in Detroit, Michigan. Because (1) Petitioner has not yet exhausted his state court remedies with respect to the claims challenging his pretrial detention and (2) the claims challenging the conditions of his confinement are not properly raised in a habeas petition, the court will dismiss the petition without prejudice.

**I. BACKGROUND**

Petitioner is incarcerated at the Wayne County Jail and awaiting trial on charges of two counts of kidnapping and two counts of first-degree criminal sexual conduct. Petitioner states that he has been in custody since January 13, 2008.

In the petition, Petitioner raises numerous claims challenging his pretrial detention, including that the arrest warrant was improper, the jury pool has been tainted by pretrial publicity, unreasonable bond, ineffective assistance of counsel, violation of right to self-representation and judicial bias.

In addition, Petitioner raises several claims related to the conditions of his confinement. Petitioner argues that his access to the law library has been insufficient, he was forced to sleep on a cold, concrete floor, with no blanket or heating provided, and that the writing supplies provided limit his ability to prepare legal documents.

## II. DISCUSSION

As an initial matter, Petitioner filed his petition pursuant to 28 U.S.C. § 2254. Section 2254 is an appropriate avenue for habeas corpus relief where a petitioner claims to be "in custody pursuant to the judgment of a State court" in violation of the Constitution. 28 U.S.C. § 2254(a). In the pending case, Petitioner is awaiting trial and therefore is not incarcerated pursuant to a state court judgment. Pretrial petitions are properly brought under 28 U.S.C. § 2241 which applies to persons who are in custody without regard to whether final judgment has been rendered. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546, n.1 (6th Cir. 1981). Thus, this court will construe the petition as having been filed pursuant to 28 U.S.C. § 2241.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)

While a federal court may address certain claims on habeas review before a trial is held in state court, exhaustion of state court remedies is still a prerequisite for consideration of such claims. *See Atkins*, 644 F.2d at 548 (6th Cir. 1981) (holding that federal court could address pretrial petition raising speedy trial claim where Michigan Court of Appeals and Michigan Supreme Court had each addressed the speedy trial claim on interlocutory appeal); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims). Petitioner has failed to demonstrate that he has exhausted his claims in state court.

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional"

and of "great urgency."  *Urquhart v. Brown*, 205 U.S. 179, 182 (1907).  Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this court in a matter pending in state court.  Similarly, this is not an extraordinary case justifying removal of the case from state court.

In addition, Petitioner also raises claims related to the conditions of his confinement.  A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).  The "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or duration of his confinement" is a civil rights action pursuant to 42 U.S.C. § 1983.  *Id.* at 498-99.  Therefore, Petitioner's conditions of confinement-related claims are not properly raised in a habeas corpus petition.

### III.  CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA.  *See id.* at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . .  will have an

4

intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be warranted. Therefore, the court denies a certificate of appealability.

### IV. CONCLUSION

The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief. Accordingly, IT IS ORDERED that the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk

(313) 234-5522