# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                                     Case No. 2:08-CV-11188

WARREN C. EVANS, ET AL.,

        Respondent.
                                     /

## OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR RECONSIDERATION . . ."

Petitioner Derrick Lee Smith, currently incarcerated at the Wayne County Jail in Detroit, Michigan, filed a *pro se* petition for a writ of habeas corpus. Because Petitioner had not yet exhausted his state court remedies with respect to the claims challenging his pretrial detention and the claims challenging the conditions of his confinement are not properly raised in a habeas petition, the court dismissed the petition without prejudice. Now before the court is Petitioner's "Motion for Reconsideration and Notice of Appeal of Eastern District Decision Dismissing Habeas Corpus Without Prejudice." The court will deny the motion.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

In his motion for reconsideration, Petitioner argues that the court erred in summarily dismissing his petition because the court construed his petition as having been filed under § 2241, yet dismissed his petition pursuant to Rule 4, Rules Governing Section 2254 Cases. The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Therefore, dismissal under Rule 4 was appropriate.

Petitioner also argues that he should be permitted to raise claims related to the conditions of his confinement in a habeas corpus petition because he does not "have access to 1983 claims" and is without funds to pay the filing fee. Motion at 3. Petitioner set forth his claims related to the conditions of his confinement in his habeas petition. Petitioner fails to explain why he cannot just as easily set forth those claims in a § 1983 complaint. If Petitioner cannot afford to pay the filing fee for a § 1983 action, he may seek leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). To the extent that Petitioner has difficulty obtaining the necessary financial information from jail officials, he may explain the attempts he has made to obtain the information in an application to proceed without prepayment of the filing fee.

Accordingly, IT IS ORDERED that the Petitioner's "Motion for Reconsideration and Notice of Appeal of Eastern District Decision Dismissing Habeas Corpus Without Prejudice" [Dkt. # 5] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 11, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2008, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522